BENJAMIN F. HUNT v. ELIZA E. BARRETT ET AL.,
EXECUTORS, ETC.

Decided May 17, 1927.

Contracts—Employment—Plaintiff Sought to Recover For Services to Defendant's Testatrix Rendered During Her Lifetime Covering a Period of Twenty Years—Court Restricted Right of Recovery to Six Years Prior to Testatrix's Death, if Such Right Existed at all—Judgment For Plaintiff—Held, That Judgment was Not Against Weight of Evidence, Not Contrary to Charge of Court, and Not Excessive.

On defendants' rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justice TRENCHARD.

For the rule, *Howard F. Barrett.*

*Contra, Edward Sachar.*

PER CURIAM.

This was an action brought by the plaintiff to recover from the executors of one Lottie A. Van Fleet compensation for services rendered by him to her during her lifetime, and extending over a period of some twenty odd years. The statute of limitations was pleaded, and the court restricted his right of recovery (if such right existed) to the six years preceding the death of Mrs. Van Fleet. On this basis the jury found a verdict in favor of the plaintiff, awarding him as compensation for the services rendered during this limited period the sum of $5,400.

The first ground upon which we are asked to make this rule absolute is that the verdict in favor of the plaintiff is against the clear weight of the evidence. Our examination of the proofs in the case leads us to the conclusion that this contention is not justified.

Next, it is said that the verdict is contrary to the charge of the court. We find this contention without merit. All the matters referred to by the court in its charge were left to the jury for its determination.

Next, it is contended that the verdict is contrary to the issues which were permitted to go to the jury. We find this contention not supported by the fact.

Next, it is contended that there was no evidence produced by the plaintiff to support a verdict in his favor, and that the court should therefore have directed a nonsuit upon the application of the defendants. What we have already said with relation to the first point is dispositive of this one.

Lastly, it is said that the verdict is excessive. The jury apparently concluded from the testimony that plaintiff's services were worth about $75 per month for the six years preceding the death of Mrs. Van Fleet. We cannot say that this is so plainly excessive as to justify setting aside the verdict upon this ground.

The rule to show cause will be discharged.